UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MONICA DAVIS, | CASE NO. C25-5579 BHS |
| Plaintiff, | ORDER |
| v. | |
| MOUNTAIN VIEW FUNERAL HOME, | |
| Defendant. | |

THIS MATTER is before the Court on pro se plaintiff Monica Davis's application to proceed in forma pauperis, Dkt. 1, and her motion for an emergency temporary restraining order, Dkt. 1-2. Davis has not filed a complaint against defendant Mountain View Funeral Home. Her motion claims only that Mountain View's cremation of the remains prior to an autopsy would violate RCW 68.50.160. Dkt. 1-2 at 6.

Davis asserts that her mother passed away on May 9, 2025, and that over her objection, but on the authority of her sibling, Mountain View is going to cremate her mother's remains. She seeks a TRO to stop that event so that she can arrange for a private autopsy. Davis also asserts that her mother's death was "preventable" and perhaps the result of negligence, but that presumably would be a claim against a doctor or hospital; it

ORDER - 1

is not a plausible claim against a funeral home. Davis asserts that the dispute is "not local;" it is instead the last in a long line of events victimizing her:

> Plaintiff further provides this factual context to demonstrate that this dispute is not an isolated local incident but the culmination of a multi-state pattern of institutional harms. Since 2018, Plaintiff has faced marital fraud and unlawful removal of her children in Nevada; an eviction action filed as an unlawful detainer but void due to a judge lacking an oath of office, resulting in forced eviction without due process despite federally approved Cares Act housing relief; unstable shelter housing in North Carolina; unlawful employment termination in New York tied to Catholic Health Initiatives; a devastating no-fault car accident caused by an off-duty police officer insured by Allstate, leading to financial ruin and forced relocation to Virginia, and ultimately to Washington State where her mother was over-medicated and died. This continuum of compounded abuses has now culminated in funeral obstruction, concealed records, and coordinated attempts to foreclose accountability.

Dkt. 1-2 at 4. Davis does not articulate how Mountain View is connected to these events.

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006). For a court to grant a preliminary injunction, the plaintiff "must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008).

Davis has not met this standard, and her motion is denied for several reasons. First, Federal courts are courts of limited jurisdiction. Jurisdiction is a threshold issue that

must be raised *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). A federal court must have subject matter jurisdiction, which can be established by either the existence of a federal question or complete diversity of citizenship of the parties. 28 U.S.C. §§ 1331, 1332. A court is presumed to lack subject matter jurisdiction until a plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *see also Terwilleger v. Soriano*, No. 17-cv-5624 RJB, 2017 WL 3424925, at *3 (W.D. Wash. Aug. 9, 2017). Davis has not articulated a federal claim against Mountain view, and she has not even pled that the parties are of diverse citizenship (or that the amount in controversy exceeds the $75,000 jurisdictional threshold). Both Davis and Mountain View appear to be citizens of Washington, and she asserts only a state law claim. The proper venue for such a claim is the Superior Court. In any event, Davies has not properly or plausibly invoked this Court's limited jurisdiction.

Second, Davis has not filed any complaint, much less one plausibly alleging facts supporting a claim for relief against Mountain View. A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of

1   his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic
2   recitation of the elements of a cause of action will not do. Factual allegations must be
3   enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*,
4   550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to
5   plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*,
6   556 U.S. at 678 (citing *id.*).

7       Davis has not stated a plausible claim against Mountain View. She asserts only
8   that evidence may be lost if her mother's remains are cremated. While this may be true,
9   she has not articulated why Mountain View would be liable to her for cremating the
10  remains some two months after her mother's passing, particularly where she asserts that
11  at least one other sibling supports cremation. Her claim of a vast, nationwide, seven-year
12  conspiracy against her is implausible on its face.

13      For the same reason, Davis has failed to demonstrate any likelihood of success on
14  the merits of any claim against Mountain View. Nor has Davis established the remaining
15  requirements for a TRO, especially one without notice to the opposing party. Davis has
16  not alleged or shown that she attempted to notify Mountain View of her motion, or that
17  the circumstances preclude her from doing so.

18      Davis's emergency motion for a temporary restraining order, Dkt. 1, is **DENIED**.
19  She is **ORDERED** to **SHOW CAUSE** in writing why this matter should not be
20  dismissed for lack of subject matter jurisdiction and for failure to state a plausible claim
21  for relief against Mountain View. She should do so within 10 days.

22      **IT IS SO ORDERED**.

1  Dated this 2nd day of July, 2025.

>
> *[signature]*
>
> BENJAMIN H. SETTLE
> United States District Judge

ORDER - 5